UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CITIZENS FOR OBJECTIVE
PUBLIC EDUCATION, INC., et al.,

                    Plaintiffs,

v.                                                    Case No. 13-4119-KHV

KANSAS STATE BOARD OF
EDUCATION, et al.,

                    Defendants.

## **ORDER**

Plaintiffs[1], consisting of students, parents, Kansas resident taxpayers, and a non-profit organization, bring this action to enjoin defendants, the Kansas Commissioner of Education[2], the Kansas State Department of Education, the Kansas State Board of Education, and its individual members[3], from implementing new science standards for Kansas schools. Before the court are defendants' motion to stay discovery (**ECF doc.**

---

[1] Citizens for Objective Public Education, Inc. ("COPE"), Carl Reimer, Mary Angela Reimer, B.R., H.R., B.R., N.R., Sandra Nelson, J.N., Lee Morss, Toni Morss, L.M., R.M., A.M., Mark Redden, Angela Redden, M.R., Burke Pelton, Kelcee Pelton, B.P., L.P., Michael Leiby, Bre Ann Leiby, E.L., P.L., Z.L., Jason Pelton, Robin Pelton, C.P., S.P., S.P., C.P., Carl Walston, Marisel Walston, H.W., David Prather, and Victoria Prather.

[2] Diane DeBacker.

[3] Janet Waugh, Steve Roberts, John Bacon, Carolyn Wims-Campbell, Sally Cauble, Deena Horst, Kenneth Willard, Kathy Busch, Jana Shaver, and Jim McNiece.

**31)** and the parties' joint motion to stay discovery **(ECF doc. 33)**. Defendants have moved to stay discovery until the presiding U.S. District Judge, Kathryn H. Vratil, enters a ruling on their pending motion to dismiss (ECF doc. 29). The same day plaintiffs' response to defendants' motion was due, the parties filed a joint motion to stay discovery (ECF doc. 33). In the joint motion, plaintiffs assert that they do not concede to the allegations in defendants' motion to stay, but agree that discovery should be stayed until the court has ruled upon defendants' motion to dismiss. Although the court could grant both motions on the grounds that they are unopposed, the court will briefly address the merits of the motions.

Defendants have filed a motion to dismiss for failure to state a claim and lack of subject matter jurisdiction (ECF doc. 29). Although it has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending, four exceptions to this policy are recognized. A discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to the defendant's immunity from suit.[4] The decision

---

[4] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

whether to stay discovery rests in the sound discretion of the district court.[5] As a practical matter, this calls for a case-by-case determination.

The court has reviewed the record, the instant motions, and defendants' motion to dismiss. The court concludes that a brief stay of all pretrial proceedings—including discovery and the scheduling of deadlines—is warranted until Judge Vratil resolves the pending dispositive motion. The motion to dismiss seeks dismissal on the ground that plaintiffs' claims against the Kansas State Department of Education and the Kansas State Board of Education are barred by the doctrine of sovereign immunity. Defendants are generally entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[6] "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[7] The Supreme Court has made clear that until the threshold question of immunity is resolved, discovery should not be allowed.[8] In addition, the ruling on the dispositive motion could conclude the case, making discovery at this point wasteful and burdensome.

---

[5] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[6] *Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991).

[7] *Id.* at 232; *see also Gallegos v. City and Cnty. of Denver*, 984 F.2d 358, 361 (10th Cir. 1993) ("A successful claim of qualified immunity allows a public official to avoid the burdens of discovery and litigation, as well as liability." (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

[8] *Siegert*, 500 U.S. at 233 ("The entitlement is an immunity from suit rather than a mere defense to liability . . . ." (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

In consideration of the foregoing and upon good cause shown,

IT IS HEREBY ORDERED:

1. Defendants' motion to stay discovery (ECF doc. 31) and the parties' joint motion to stay discovery (ECF doc. 33) are granted.

2. All pretrial proceedings in this case, including the Rule 26(f) meeting, Rule 26(a)(1) initial disclosures, the setting of a scheduling conference, and discovery, are stayed until a ruling on defendants' motion to dismiss.

3. If any claims survive Judge Vratil's ruling on the motion to dismiss, counsel must confer within 14 days of that ruling as contemplated by Fed. R. Civ. P. 26(f) and then e-mail to the undersigned magistrate judge's chambers a discovery planning report (using the form available on the court's website).

IT IS SO ORDERED.

Dated December 19, 2013, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

O:\ORDERS\13-4119-KHV-31.docx

4