IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COPE (a.k.a. CITIZENS FOR OBJECTIVE PUBLIC EDUCATION, INC.), *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br><br><br>KANSAS STATE BOARD OF EDUCATION, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)    Case. No. 5:13-CV-04119-<br>)    DDC-JPO<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' REPLY TO
DEFENDANTS' RESPONSE TO PLAINTIFFS' MEMORANDUM IN SUPPORT
OF THEIR MOTION FOR LEAVE TO FILE A SURREPLY**

Douglas J. Patterson, Esq. (KS # 17296)
Kellie K. Warren, Esq. (KS #16733)
Michelle W. Burns, Esq. (KS #21167)
PROPERTY LAW FIRM, LLC
4630 W. 137th St., Suite 100
Leawood, Kansas 66224
913-663-1300 Telephone
913-663-3834 Facsimile
doug@propertylawfirm.com
kellie@propertylawfirm.com
michelle@propertylawfirm.com

John H. Calvert, Esq. (MO #20238)
CALVERT LAW OFFICES
2300 Main St., Suite 900
Kansas City, MO 64108
816-797-2869 Telephone
816-448-3703
816-448-3101 Facsimile
jcalvert@att.net

Kevin T. Snider, Esq. (CA #170988)
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600

Sacramento, California 95827-6600
(916) 857-6900 Telephone
(916) 857-6902 Facsimile
ksnider@pji.org
*ATTORNEYS FOR PLAINTIFFS*

## PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY

Plaintiffs' motion for leave to file a Surreply argues that consideration of its arguments is both necessary and helpful. It is necessary because, notwithstanding Defendants' contrary assertions, Plaintiffs' Surreply does "respond to new material and new legal arguments," as explained in its Memorandum for leave to file (Doc 43). The Surreply will also be helpful to the court as the issues raised by the Complaint are both complex and exceedingly important.

The issues raised by the Complaint deal with a deceptive use of a science education Policy to mislead children, beginning at the age of five, into acceptance of a materialistic/atheistic religious worldview. Thus, the Complaint deals with complex issues of science, religion, and education and also issues regarding the psychological development of a child's worldview and cognitive capacity. The Policy it addresses exceeds over 850 pages of content that only a very few will comprehend and understand. The Policy cites numerous other academic references which have "informed" its development. Expecting the uninformed to understand the Policy simply by reading it, would be like expecting a widow or orphan to read and comprehend an alleged deceptive 850 page prospectus/proxy statement involving a complex merger of trillion dollar enterprises. Accordingly, more, rather than less analysis of the Policy and the Complaint about it should be beneficial to the Court.

More critically, the Complaint deals with an exceedingly important Educational Policy, one that is planned to affect the worldview of every child in the entire Country. Since the facts alleged by the Complaint are assumed to be true, the granting of Defendants' motion to dismiss would authorize the public K-12 schools of the United States to promote a materialistic/atheistic religious worldview within a public school environment that has systematically excluded competing theistic viewpoints.  Given the importance of the issue, the Court needs to understand Plaintiffs' responses to Defendants' Reply, and should grant Plaintiffs leave to file their Surreply.

Finally, Plaintiffs wish to address Defendants' non-substantive opening argument. That argument seems to falsely imply that  Plaintiffs are recidivist Rule breakers. Plaintiffs are alleged to be recidivists, because they previously violated the local rules by filing a Response (Doc. 40) to Defendants' brief (Doc 30) that was "14 pages longer than the Local Rules typically allow." (Doc 44, p.1).  Now, Defendants argue, Plaintiffs seek to violate it again by asking for leave to file a Surreply Defendants characterize as being contrary to the Rules.

Defendants' argument is being made in the context of a 44 page Response (Doc 40) that was filed by Plaintiffs with the explicit approval of the Court to exceed the 30 page limit in order to respond to Defendants' brief (Doc 30) of a similar 44 page length.  The only difference between the Plaintiffs' 44 page-court-approved brief (Doc 40) and Defendants' 44 page brief (Doc 30) is that Plaintiffs' is legal while Defendants' is not.  Defendants never sought leave to file their non-compliant brief.  Instead they artfully inserted a caption titled "Arguments and Authorities" at the end of the first fifteen pages of actual arguments and

authorities (Doc 30, p. 15). This slight of hand implicitly classified only the last 30 pages of their brief as containing their "arguments and authorities" when in fact the first 15 pages not so classified include arguments on every page and a multitude of authorities (including citations to the Kansas Constitution, numerous statutes and regulations and over 11 cases), each of which Plaintiffs were required to respond to. This effectively put Plaintiffs in the position of having to respond to 44 pages of arguments and authorities in only 30 pages. Rather than employ a similar slight of hand, Plaintiffs sought the required court order, thereby delaying the resolution of the case and providing Defendants with over two months to craft a Reply.

The actual state of the length of the respective briefs is 70 pages of briefing by Defendants, 44 pages of which are non-conforming, vs. Plaintiffs' Response consisting of 44 pages plus a four page appendix conforming to Local Rules and a proposed 21 page Surreply, the sum of which together amount to some 69 pages.

Given this background, Plaintiffs believe their request to file a 21 page response to Defendants' 25 page Reply is reasonable and necessary and should be helpful to the Court.

In conclusion, and based on the foregoing, Plaintiffs urge the Court to grant their motion to file the Surreply.

Respectfully submitted,

                        s/ *Douglas J. Patterson*
                        Douglas J. Patterson, Esq. (KS # 17296)
                        Kellie K. Warren, Esq. (KS #16733)
                        Michelle W. Burns, Esq. (KS #21167)
                        PROPERTY LAW FIRM, LLC
                        4630 W. 137th St., Suite 100
                        Leawood, Kansas 66224
                        913-663-1300 Telephone

doug@propertylawfirm.com
kellie@propertylawfirm.com
michelle@propertylawfirm.com

s/ *John H. Calvert*
John H. Calvert, Esq. (MO #20238)
CALVERT LAW OFFICES
2300 Main St., Suite 900
Kansas City, MO 64108
816-797-2869 Telephone
816-448-3703
816-448-3101 Facsimile
jcalvert@att.net

s/ *Kevin T. Snider*
Kevin T. Snider, Esq. (CALIF#170988)
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
Sacramento, California 95827-6600
(916) 857-6900 Telephone
(916) 857-6902 Facsimile
ksnider@pji.org
*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

This is to certify that on this 21st day of May, 2014, the above and foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF system with notice electronically sent to:

Jeffrey A. Chanay     jeff.chanay@ksag.org
Cheryl L. Whelan      cwhelan@ksde.org
Stephen O. Phillips   steve.phillips@ksag.org
*ATTORNEYS FOR DEFENDANTS*

s/ *Douglas J. Patterson*
Douglas J. Patterson